BROWNSBORO ROAD RESTAURANT, INC. (formerly "J" Restaurants, Inc.), Appellant,

v.

JERRICO, INC., Appellee.

Court of Appeals of Kentucky.

May 25, 1984.

Case Ordered Published by Court of Appeals July 6, 1984.

William W. Lawrence, Lawrence & Marshall, Louisville, for appellee.

Robert H. Jones, Jones & Yopp, P.S.C., Louisville, for appellant.

Before COOPER, MILLER and WILHOIT, JJ.

MILLER, Judge.

Appellee, Jerrico, Inc., (Jerrico) is the owner of a food service/restaurant system. The system sometimes operates through franchisees. On January 2, 1969, Jerrico entered into a "franchise agreement" with appellant, Brownsboro Road Restaurant, Inc. (formerly "J" Restaurants, Inc.) [Brownsboro]. The agreement enfranchised Brownsboro to operate a food service restaurant in accordance with Jerrico's distinctive methods and procedures in the area of Brownsboro Road in Jefferson County, Kentucky. *The agreement provided for no termination date.*[1]

On October 5, 1982, Jerrico, desiring to be released from the franchise agreement, filed a declaratory judgment action (KRS Chapter 418) in the Jefferson Circuit Court, seeking an interpretation of the franchise agreement to the effect that it be declared "terminable at will" or "terminable upon reasonable notice."

Brownsboro answered by denial and counter-claimed for damages, alleging in the counter-claim (1) anticipatory breach and (2) certain federal antitrust violations. The trial court entered summary judgment for appellee, holding the franchise agreement to be "terminable at will," and dismissed the counter-claim in effect holding there was no anticipating breach, and specifically holding lack of jurisdiction to hear the antitrust claim. Brownsboro filed this appeal. We affirm.

 Appellant maintains that in absence of one of the enumerated causes (footnote 1), the franchise agreement runs into perpetuity. In support of this contention, Brownsboro cites contract authority holding that the court will fix a termination date if such can be gleaned from the intention of the parties. We find this contention inapplicable to the case before us. There is nothing in the agreement indicating that the parties intended it to terminate upon any particular time or event. The "termination for cause provision" is, doubtless, common to all such contracts. Indeed, any contract may be terminated for cause. Rather, we think the franchise agreement falls into the category of contracts which specify no time for termination. Such contracts will not, in absence of unequivocal language, be construed as running into perpetuity. *See Mid-Southern Toyota, LTD. v. Bug's Imports, Inc.*, Ky., 453 S.W.2d 544 (1970); *see generally* 17 Am.Jur.2d *Contracts*, § 486, "Duration and Expiration of Contract," (1964). The law does not favor contracts running into perpetuity. Our state is committed to the rule that where a contract covers no definite period, it may be terminated by either party at will. *See Kirby v. Scroggins*, Ky., 246 S.W.2d 453 (1952); *Duff v. P.T. Allen Lumber Co.*, 310 Ky. 439, 220 S.W.2d 981 (1949); *Braddom v. Three Point Coal Corporation*, 288 Ky. 734, 157 S.W.2d 349 (1941). There being no

---

1. The franchise agreement did contain a section providing for termination for cause. This section presented a list of causes, the occurence of which would entitle Jerrico to terminate the agreement. However, this section is not in issue.

genuine issue of fact upon the complaint, we hold the trial court was correct in entering summary judgment for appellee. CR 56.03.

■■■ We now turn to appellant's counter-claim. The claim of anticipatory breach is without merit. This doctrine requires unequivocal words or conduct evidencing an intent to repudiate the contract. 17 Am.Jur.2d *Contracts* §§ 448 et seq. (1964). Jerrico's action in seeking relief by declaratory judgment conclusively mitigates against any such inference.

■■■ The court was correct in dismissing the damage claim in appellee's counter-claim growing out of alleged violation of federal antitrust laws. Jurisdiction lies exclusively within the federal judiciary. *See Feldman v. Gardner*, 661 F.2d 1295 (D.C. Cir.1981). Appellant claims that, in any event, his antitrust claim should have been dismissed without prejudice. The order is silent as to this matter; thus, the dismissal would operate as a dismissal with prejudice were it not a dismissal for lack of jurisdiction. CR 41.02(3). This state has a tolling (journeys account) statute which provides that actions dismissed for lack of jurisdiction may be reinstituted, within a prescribed time, in the proper court. KRS 413.270.

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

All concur.