ELECTRIC AND WATER PLANT BOARD OF the CITY OF FRANKFORT, KENTUCKY, Appellant,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellee.

No. 89–CA–1702–MR.

Court of Appeals of Kentucky.

Oct. 12, 1990.

Discretionary Review Denied by Supreme Court April 3, 1991.

Robert A. Bowman, Charles L. Hobson, Frankfort, for appellant.

William P. Curlin, Jr., Robert C. Moore, Frankfort, for appellee.

Before HOWERTON, C.J., HOWARD and McDONALD, JJ.

HOWARD, Judge.

Appellant appeals from a decision of the Franklin Circuit Court of February 7, 1989, and a partial summary judgment rendered on July 17, 1989, by the Franklin Circuit Court, both of which were adverse to appellant. Appellant had brought an action in Franklin Circuit Court for a declaration of rights to enforce a joint use agreement with the appellee.

The operable facts of this case extend back to 1943. Appellant is a nonprofit entity operated by the City of Frankfort to provide electric and water services to the citizens of Frankfort, Kentucky. The appellee, South Central Bell Telephone Company (hereinafter South Central Bell) has provided telephone service for the citizens of Frankfort for many years.

In 1943, South Central Bell and the Plant Board entered into a joint use agreement to share utility poles that each owned. Under

this license arrangement, each party charged the other $1.00 per year for each pole. The agreement contained many provisions, but one particular provision dealing with the duration of the agreement has become the primary focus of this controversy. Article XVI, Term of Agreement, states:

Subject to the provisions of Article XII herein, this agreement may be terminated so far as concerns further granting of joint use by either party, after the first day of January, 1949, upon one (1) year's notice in writing to the other party provided, that if not so terminated it shall continue in force thereafter until terminated by either party at any time upon one year's notice in writing to the other party as aforesaid, and provided further that notwithstanding such termination, this agreement shall remain in full force and effect with respect to all poles jointly used by the parties at the time of such termination.

In 1952, the Plant Board began establishing cable television service in the Frankfort area. To provide for the day-to-day operation of the cable system, the Plant Board created a non-stock, non-profit corporation known as Community Service, Inc., to manage the cable system. Community Service managed the cable operation until January 1, 1988, at which time the Plant Board undertook the daily operations of the cable service. Further, in 1952, the appellant and the appellee amended the 1943 joint use agreement to include the cable television attachments of the Plant Board. The appellant and appellee operated under the 1943 agreement and the 1952 amendment until October 24, 1985.

Over the years, there has been much discussion and disagreement between cable television operators and utility companies concerning the use of utility poles. On September 17, 1982, the Kentucky Public Service Commission (hereinafter PSC) considered this issue. It found that cable television companies were customers of the utility companies that owned the utility poles that the cable operators utilized. The PSC established a tariff system whereby utility companies would utilize a formula to compute a fair and reasonable rate to charge cable operators for pole attachment services. The appellant was not a party to this action, and contends that it is not bound by this ruling because it was not a private, for profit cable television operator but rather a municipal, publically run utility company which already maintained its own utility poles.

Following the PSC's ruling in this matter, South Central Bell apparently discussed the matter of tariffs with the appellant and asked appellant if it would voluntarily agree to pay the tariff provisions. Appellant did not agree to be subject to these tariffs. On October 24, 1985, the appellee wrote appellant and informed it that appellee was terminating the 1943 joint use agreement effective one year from receipt of the notice.

On November 8, 1985, following this termination notice, Consolidated Television Cable Service, Inc., the other cable provider in Franklin County, Kentucky, filed a complaint with the PSC against the appellee claiming that the appellee had discriminated against Consolidated by charging Consolidated the regular tariff rate, and not charging the appellant the same tariff rate. The PSC entered an order on May 2, 1986, requiring the appellee to start charging the appellant the same tariff rate at the termination of the joint use agreement. Apparently, the appellant was never named as a party to this action and received no notice of this proceeding, and thus, did not attend the hearing on this matter. By the terms of appellee's termination notice, the joint use agreement was terminated on October 30, 1986.

On February 5, 1987, the appellant filed a complaint for declaration of rights in Franklin Circuit Court to enforce the joint use agreement. The Franklin Circuit Court entered an opinion on February 7, 1989, and an amended partial summary judgment on July 17, 1989. The court ruled in favor of the appellee finding that the joint use agreement was a perpetual agreement which is not accepted under Kentucky law. The court ruled that such

an agreement was terminable at will, and that the appellee had properly terminated the joint use agreement. The court also found that the parties must abide by the tariffs imposed by the PSC. Appellant has appealed from the trial court's findings.

Appellant in this case maintains that the grandfather clause contained in the joint use agreement is valid and should be enforced. The appellee on the other hand has argued that the term of agreement provision is a clause extending into perpetuity and cannot be enforced and was terminable at will. The trial court found that the agreement was not enforceable as written, and we affirm the trial court's finding.

The grandfather provision in this case once again provided that although the parties could terminate the joint use agreement by giving one year advance notice, that "notwithstanding such termination, this agreement shall remain in full force and effect with respect to all poles jointly used by the parties at the time of such termination."

As seen above, this grandfather provision provides no time period for the agreement pertaining to the original poles to end.

> [G]enerally, where the parties to a contract express no period for its duration and none can be implied from the nature of the contract or from the circumstances surrounding them, the only reasonable intention that can be imputed to the parties is that the contract may be terminated by either on giving reasonable notice of his intention to the other.

17 Am.Jur.2d *Contracts*, § 486, "Duration and Expiration of Contract" (1964).

■ Kentucky law does not favor contracts running into perpetuity. The rule in this state is that if a contract covers no definite period, it may be terminated by either party at will. *Brownsboro Road Restaurant, Inc. v. Jerrico, Inc.*, Ky.App., 674 S.W.2d 40 (1984); *Braddom v. Three Point Coal Corporation*, 288 Ky. 734, 157 S.W.2d 349 (1941); *Kirby v. Scroggins*, Ky., 246 S.W.2d 453 (1952). A construction conferring a right in perpetuity will be avoided unless compelled by the unequivocal language of the contract. *Mid–Southern Toyota, Ltd. v. Bug's Imports, Inc.*, Ky., 453 S.W.2d 544 (1970). The contract in such cases should be terminable after a reasonable time. *Mid–Southern Toyota, supra.*

■ The provision in issue in this case extends into perpetuity. It was not ambiguous. There is no language explaining how long the joint use of these poles will continue. As worded, the arrangement will continue forever. There is no case precisely on point cited by either of the parties. Appellant asserts that the above cases and others cited by the Franklin Circuit Court are distinguishable because they deal with different types of contracts such as personal service contracts and not with a public utility and governmental entity as exists in the instant case. These cases provide the law concerning perpetual agreements, and we must follow the law as set forth by Kentucky courts. Kentucky courts have avoided construing rights or agreements in perpetuity. This has been the law and public policy of this state. *Brownsboro Road Restaurant, Inc. v. Jerrico, Inc., supra*, and *Mid–Southern Toyota, Ltd. v. Bug's Imports, Inc., supra*, involve business contracts similar to the contract in question. In this case, the privilege awarded each party to the joint use agreement was in the nature of a license which is generally revocable at any rate.

*Campbellsville Tel. Co. v. Lebanon, L. & L. Tel. Co.*, 118 Ky. 277, 80 S.W. 1114 (1904), modified, 118 Ky. 277, 84 S.W. 518 (1905), cited by the appellant for its position in this case is distinguishable from the facts in the instant case. In that case, the Kentucky Constitution in former Section 199 required telephone companies operating exchanges in different localities to transmit and receive each other's messages, and required that these arrangements be maintained and continued. The decision in that case primarily turned on that constitutional provision, as that constitutional provision along with statutory enactments commanded the court's result. The other cases cited by appellant cite general rules and policies regarding contracts

and contracting parties, but the cases do not address a situation specifically involving a perpetual provision as exists in the case at bar.

We have examined the language of this contract and the surrounding circumstances and conclude that this provision clearly extended into perpetuity. The appellee acted correctly under the contract and under the law when it notified the appellant by letter of its intention to terminate the agreement one year after receipt of the letter. The trial court ruled correctly on this matter.

Appellant in this case additionally argues that the PSC Order 251 which decided that cable television operators must be charged tariffs for using the poles of utility companies did not apply to it, because it was not a private cable operator and it had poles of its own to share. It also contends that PSC order 9458 which states that the appellee must charge the appellant tariffs was invalid because appellant's due process rights were violated as it received no notice of the hearing. Appellant also contends that it is not subject to governance by the PSC because it is a municipality, not a private company pursuant to KRS 278.-010(3). We find the issue regarding the terminability of the contract dispositive in this case and do not find it necessary to specifically address the above issues. The notice of termination sent by the appellee to the appellant was effective in this case, and PSC Order 9458 was rendered subsequent to this notice and was in keeping with this notice.

We do note that this Court in *Kentucky CATV Association v. Volz*, Ky.App., 675 S.W.2d 393 (1983), considered the PSC's findings in Order 251 and held that the PSC has jurisdiction over joint pole use agreements and has a duty to determine whether rates are just and reasonable. The cable television operator becomes a customer of the utility company as the utility company is providing a service to the cable operator by allowing the operator to use its poles. *Volz, supra.* Thus, the PSC had jurisdiction over the appellant as it was a joint user of utility poles. We will not address appellant's collateral attacks regarding PSC Order 9458.

We have considered the law and policy arguments made by the appellant but find that Kentucky law favors the appellee's case. The decision of the Franklin Circuit Court is affirmed.

All concur.